UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LANDON EARL THOMAS                                                                              PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 5:24-cv-5-DCB-ASH

PIKE COUNTY, MISSISSIPPI, et al.                                                         DEFENDANTS

ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE

This matter is before the Court on pro se Plaintiff Landon Earl Thomas's Complaint [1]. Plaintiff is now incarcerated in the South Mississippi Correctional Facility in Leakesville, Mississippi. Change of Address [11] at 1. He files this civil action under 42 U.S.C. § 1983, and names as defendants Pike County, Mississippi, Sheriff James Brumfield, Captain Richard Bynam, Herbert Young, Valerie Wells, Briana Perryman, and Kimberly Wallace. *Id*. at 1–2.

To maintain an action pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of United States. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (finding the first inquiry in any section 1983 suit is whether the defendant has deprived the plaintiff of a right secured by the Constitution). Although the Court must liberally construe the *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts. *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)).

Plaintiff names as a defendant Sheriff James Brumfield. Because Plaintiff does not assert specific claims against Defendant Brumfield, he will be given an opportunity to state facts upon which he claims that Defendant Brumfield violated his constitutional rights, including the dates of the incidents. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (finding that if a *pro se* litigant can remedy insufficient factual allegations then the Court should give the litigant an opportunity

1

to plead more sufficient allegations). Plaintiff also does not state the dates when his allegations occurred, including when he was assaulted by Defendant Young. Compl. [1] at 4–7. To maintain a § 1983 action against Defendant Pike County, Mississippi, Plaintiff must state specific facts upon which he alleges that the policies or practices of the Pike County, Mississippi resulted in Plaintiff's constitutional rights being violated. *See Crull v. City of New Braunfels, Texas*, 267 F. App'x 338, 342 (5th Cir. 2008) ("The plaintiff must identify the specific policy or custom, and show that the final policy maker, through its 'deliberate conduct,' was the 'moving force' behind the violation.") (citation omitted). Accordingly, it is

ORDERED AND ADJUDGED:

1.     That **on or before March 24, 2025**, Plaintiff shall file a written response as follows:

(a)    explain how Defendant Sheriff James Brumfield violated Plaintiff's constitutional rights, including the dates of the incidents;

(b)    state the dates when the allegations of Plaintiff's Complaint occurred, including the date when he was assaulted by Defendant Young; and

(c)    state allegations of the policies, practices, or customs, including dates, establishing that Pike County violated Plaintiff's constitutional rights concerning the conditions of the Pike County Jail.

2.     That Plaintiff file his written signed response to this Order with the Clerk, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201.

3.     **Plaintiff is warned that his failure to timely comply with the requirements of this order or advise the Court of a change of address as required by the Notice of**

**Assignment [1-1] may lead to the dismissal of his Complaint.** Plaintiff is responsible for notifying the Court of a change of address.

THIS, the 7th day of March, 2025.

*s/ Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
