UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LANDON EARL THOMAS                                                                                      PLAINTIFF

V.                                                                     CIVIL ACTION NO. 5:24-CV-5-DCB-ASH

PIKE COUNTY, MISSISSIPPI, et al.                                                               DEFENDANTS

ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL [47]

Before the Court is pro se Plaintiff Landon Earl Thomas's third Motion for Appointment of Counsel [47]. Having reviewed Plaintiff's Motion [47] and as discussed below, his Motion [47] will be denied.

The Court finds that there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court need not appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson Cnty. Comm'rs Ct.*, 778 F.2d 250, 253 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type

and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *Ulmer*, 691 F.2d at 212.

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *Ulmer*, 691 F.2d at 213. Moreover, the Court has been given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211.

In this case, Plaintiff complains about his conditions of confinement while incarcerated at Pike County Jail in Magnolia, Mississippi. His claims include being assaulted by an officer, denial of medical care, being subjected to unhealthy living conditions, and denial of access to the courts. Compl. [1] at 4–7. Having considered Plaintiff's Complaint [1] as well as having observed him during the Omnibus Hearing held on October 29, 2025, the Court finds that Plaintiff demonstrates that he is able to answer and describe the facts underlying his claim. Here, his claims do not involve any complex theory of law which would require legal skills to develop. Because Plaintiff fails to demonstrate any exceptional circumstances that would warrant the appointment of counsel in a case of this nature, counsel will not be appointed for Plaintiff at this time of the proceedings. *See Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019) (finding that the district court did not err in denying appointment of counsel in a pretrial detainee's § 1983 case alleging defendants were deliberately indifferent to his health, safety, and medical needs, including a retaliation claim); *Holm v. Sassenhagen*, No. 21-50074, 2022 WL 3711177, at *3 (5th Cir. 2022) (unpublished per curiam opinion) (deciding the district court did not abuse its

discretion in denying appointment of counsel in a pretrial detainee § 1983 excessive-force claim).

IT IS THEREFORE ORDERED AND ADJUDGED, that Plaintiff's Motion for Appointment of Counsel [47] is denied.

This the 31st day of October, 2025.

                                        *s/ Andrew S. Harris*
                                      UNITED STATES MAGISTRATE JUDGE