UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LANDON EARL THOMAS**                                           **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 5:24-cv-00005-DCB-ASH**

**PIKE COUNTY, MISSISSIPPI;**
**SHERIFF JAMES BRUMFIELD;**
**CAPTAIN RICHARD BYNUM;**
**HERBERT YOUNG;**
**VALERIE WELLS;**
**BRIANNA PERRYMAN;**
**KIMBERLY WALLACE**                                         **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF DEFENDANT WARDEN HERBERT YOUNG'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Defendant Warden Herbert Young ("Warden Young"), by and through counsel, and under Fed. R. Civ. P. 56, submits his Memorandum in Support of his Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Landon Earl Thomas filed this lawsuit on January 17, 2024, alleging a variety of alleged constitutional violations by the above-named defendants. [Dkt. #1]. In said Complaint, Plaintiff claims that Warden Young, a member of the Pike County Sheriff's Department currently serving as Warden of Pike County Jail, beat Plaintiff while serving as a transport officer.[1] *Id*. at 4-5.

---

[1] At the omnibus hearing in this matter, Plaintiff testified that he allegedly got in a verbal dispute with Warden Young and that he struck Warden Young three times because he perceived Warden Young was "running towards [him] trying to grab [him]." Ex. B, [Dkt. #59], at 15-17. *See also id.* at 38-39. It was only after he struck Warden Young that Plaintiff claims Warden Young, in turn, allegedly struck him.

As explained in the Declaration of Warden Young, attached as Exhibit "A" to the Motion, Pike County Jail had a grievance procedure in place that Plaintiff used on many occasions. Plaintiff himself testified at the October 29, 2025 Omnibus Hearing in this case that he was an "avid" user of the request forms. *See* Omnibus Hearing Transcript, Exhibit "B" to Motion, [Dkt. #59], at 37. Yet Plaintiff indisputably failed to submit a grievance regarding the alleged assault or any other claim against Warden Young before filing this lawsuit. Ex. A, at ¶ 7.

## LEGAL STANDARD ON SUMMARY JUDGMENT

Parties moving for summary judgment must provide the Court with their basis and identify the portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once moving parties have supported their motion for summary judgment, non-moving parties must respond by setting forth "specific facts showing that there is a genuine issue for trial." *Id.* at 324. "The moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by pointing out the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quotation marks and citation omitted). If the moving party satisfies its burden, "the nonmoving party who has the burden of proof at trial must come forward with summary judgment evidence establishing the existence of a genuine issue; that evidence must be such that, if introduced at trial would suffice to prevent a directed verdict against the nonmovant." *Id*.

## ARGUMENT

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), which is codified at 42 U.S.C. § 1997e. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as**

2

**are available are exhausted**." 42 U.S.C.A. § 1997e(a) (emphasis added). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). *See also Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (exhaustion is mandatory for all "inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"), quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, under § 1997e, a prisoner must exhaust such administrative remedies as are available, whatever those remedies may be. *See Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). If a prisoner has not exhausted all available administrative remedies, dismissal is appropriate. *Id.*

"The mandatory nature of exhaustion, however, 'contains one significant qualifier: the remedies must indeed be 'available' to the prisoner.'" *Phillips*, 814 F. App'x 852, 855 (5th Cir. 2020), quoting *Ross v. Blake*, 578 U.S. 632, 639 (2016). "To be available, a grievance procedure must be 'capable of use to obtain some relief for the action complained of.'" *Id.*, quoting *Ross* 578 U.S. at 639.

> By contrast, a grievance procedure is unavailable when: (1) 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) it is 'so opaque that it becomes, practically speaking, incapable of use' because 'no ordinary prisoner can discern or navigate it'; or (3) 'prison administrators thwart inmates from taking advantage of [the] grievance process through machination, misrepresentation, or intimidation[.]'

*Id.*, quoting *Ross*, 578 U.S. at 633-34.

Here, there is no question of whether Pike County Jail's grievance procedure was available to Plaintiff. Plaintiff had access to the grievance procedure and used it consistently during stints of incarceration from years 2022, 2023, and 2024 to complain about food quantities, medication refills, and other miscellaneous issues. *See* Ex. A, at ¶¶ 4-6. Moreover, at the October 29, 2025 Omnibus Hearing, Plaintiff admitted his awareness of the grievance procedure and his ability to

3

use it. Ex. B, at 36-37, 40-41 Even so, Plaintiff neglected to file a grievance regarding the alleged assault by Warden Young or any other claim against Warden Young in this lawsuit.[2] Ex. A, at ¶ 7. That fact is fatal to Plaintiff's claim against Warden Young under the PLRA and requires dismissal of Plaintiffs' claims against him with prejudice.[3]

## CONCLUSION

Plaintiff failed to exhaust the administrative remedies available to him at the Pike County Jail as to his claims against Defendant Warden Herbert Young. As explained above, Plaintiff's failure to comply with this mandatory prerequisite under the PRLA requires dismissal of his claim against Warden Young. Accordingly, Defendant Herbert Young respectfully requests that the Court enter summary judgment in his favor and dismiss the Plaintiff's claims against him consistent with 42 U.S.C. § 1997e(a).

RESPECTFULLY SUBMITTED, this 11th day of November, 2025.

**HERBERT YOUNG, DEFENDANT**

BY: /s/ *Charles E. Cowan*
     CHARLES E. COWAN

---

[2] To the extent Plaintiff seeks to hold Warden Young individually liable for the same conditions of confinement claims he asserts against codefendant Pike County, he did not file any grievances regarding those claims before January 17, 2024 either.

[3] Because Plaintiff is no longer incarcerated at Pike County Jail, he cannot cure his failure to exhaust his administrative remedies there. A dismissal for failure to exhaust "should be with prejudice" when the "failure cannot be cured." *Hobson v. Fisher*, 2017 WL 1042081, at *2 (S.D. Miss. Mar. 17, 2017) (citing cases).

**OF COUNSEL:**

Charles E. Cowan (MSB #104478)
Jack F. Hall (MSB #106842)
WISE CARTER CHILD & CARAWAY, PA
401 E. Capitol Street, Suite 600
Post Office Box 651
Jackson, Mississippi 39205
Telephone: (601) 968-5500
Facsimile: (601) 968-5519
cec@wisecarter.com
jfh@wisecarter.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record. I also served a copy of the foregoing on the following non-ECF participant:

Landon Earl Thomas
108168
South MS Correctional Facility
P. O. Box 149
Leakesville, MS 39451
601-394-5600
PRO SE

SO CERTIFIED:  November 11, 2025

/s/ *Charles E. Cowan*
CHARLES E. COWAN