IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LANDON EARL THOMAS**                                                                     **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 5:24-cv-00005-DCB-ASH**

**PIKE COUNTY, MISSISSIPPI;**
**SHERIFF JAMES BRUMFIELD;**
**CAPTAIN RICHARD BYNAM; HERBERT**
**YOUNG; VALERIE WELLS; BRIANA PERRYMAN; and**
**KIMBERLY WALLACE**                                                                    **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT FOR**
**FAILURE TO EXHAUST ADMINSTRATIVE REMEDIES**

**COME NOW**, by and through counsel and pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Defendants Pike County, Mississippi, Sheriff James Brumfield, Captain Richard Bynam, Valerie Wells, Briana Perryman, and Kimberly Wallace and submit their Memorandum of Authorities in Support of Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, as follows:[1]

**I.    Introduction**

Plaintiff Landon Earl Thomas, a pro se prisoner proceeding in forma pauperis (IFP), asserts claims against the movants under 42 U.S.C. §1983 for alleged unconstitutional conditions of confinement at Pike County Jail (PCJ), interference with his legal mail by Pike County correctional officers, and a purported assault by Defendant Herbert Young. [Doc. 1]. Thomas' claims are governed by the Prison Litigation Reform Act (PRLA). 42 U.S.C. §1997e.

---

[1] Although Plaintiff has moved this Court for dismissal of Ms. Wells, and the U.S. Magistrate Judge has recommended dismissal, out of an abundance of caution, inasmuch as Ms. Wells has not been fully and finally dismissed by the Court, and because the arguments herein pertain equally to Defendant Valerie Wells, Ms. Wells moves this Court for summary judgment.

## II. Factual Background

### A. Thomas' 1983 Claims.

Plaintiff filed a §1983 Complaint against the movants on December 29, 2023, complaining of conditions of confinement, not receiving his legal mail, not receiving his prescribed course of medical/psychiatric care, and that he was assaulted by Defendant Warden Herbert Young.[2] Subsequently, Thomas filed an Amended Complaint that reasserted the claims in his original complaint, as well as a motion to amend his complaint that was essentially a motion to dismiss Valerie Wells. [Docs. 46 & 48].

This Court held a Spears hearing to clarify Plaintiff's claims on October 29, 2025. *See* Hearing Transcript, attached as Exhibit A to Defendants' Motion for Summary Judgment. At the hearing, Thomas alleged that the conditions of confinement at were "poor, inhumane," and included "cells with no lights, exposed wires, mold everywhere, little or no hygiene…sleeping on floors, no clothes, poor trays, poor food, little or no medical care, no law library…." Exhibit A, Tr. 11:3-7. According to Thomas, he was confined under these conditions until October 7, 2024, and asserts these claims against Defendants James Brumfield, Captain Bynam, and Herbert Young. Exhibit A, Tr. 11:9-15.

Plaintiff Thomas further testified that in October 2022 Defendant Herbert Young assaulted him in the sallyport area of the jail. Exhibit A, Tr. 15-20. Following this encounter, Thomas was

---

[2] Thomas' Complaint was filed with this Court on January 17, 2024. Doc. 1 at 1. Nevertheless, the prison mailbox rule dictates that it was filed on the date it was signed and submitted to prison officials for mailing. *See Nelson v. Cauley,* 2005 U.S. Dist. LEXIS 1257, at *7 (N.D. Tex. Jan. 27, 2005) ("[U]nder the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court.") (citing *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir. 1995)).

charged with assault on a law enforcement officer, but does not know what, if anything, became of the charge. Exhibit A, Tr. 27-28. Thomas further alleged that, after one visit with a therapist, he was denied physical therapy for a broken wrist while confined in Pike County. Exhibit A, Tr. 21-22.

In addition, Thomas testified that in 2022 when he was trying to file a lawsuit against Pike County, correctional officers "withheld [his] mail, and they wouldn't give it to me." Exhibit A, Tr. 29:14-17. He also complains that the Pike County officers would not help him fill out his paperwork or verify the balance in his trust account. Exhibit A, Tr. 29:16-29.

### B. Thomas's Grievances and Pike County's Administrative Remedy Program

According to Warden Herbert Young, in the year and a half prior to Thomas filing suit in December 2023, the detention center "had in place a grievance system that allowed inmates to submit complaints/grievances relating to their conditions of confinement or their wants and needs arising out of their incarceration at PCJ for PCJ administration to review and remedy if possible." [Doc. 60-1 at 1 ¶¶ 3-4]. Thomas conceded at the Spears hearing that he was aware of the grievance policy and that he had submitted grievances pursuant to this policy. Exhibit A, Tr. 36-37; 40-41.

Also at the Spears hearing, the movants produced Thomas' jail file—including the grievances that he submitted to Pike County correctional officers. *See* Jail File, attached as Exhibit B to Motion for Summary Judgment.[3] The grievances contained therein illustrate that Thomas was aware of how to submit a request for administrative remedy from Pike County officers, and that

---

[3] Herbert Young likewise produced a copy of Thomas' jail file at the Spears hearing that is an identical, duplicative copy of the documents produced by the movants. Doc. 60-1 at 4-146. Mr. Young, who is the current warden and a records custodian at PCJ, has submitted a sworn declaration that the file is a "true, correct, and comprehensive copy" of Thomas' incarceration records at PCJ, which "include grievances" and that were "kept in the ordinary course of business." Doc. 60-1 at 1-3. The movants adopt and incorporate that declaration in their Motion for Summary Judgment and this Memorandum as if fully stated herein.

the procedure, as described by Warden Young in his sworn declaration, was that a single prisoner memorialized their request for relief in writing on the appropriate form and forwarded that request to a Pike County correctional officer (or Nurse Valerie Wells for medical complaints) to await a written response. *See* [Doc. 60-1]. Further, Thomas produced copies of grievances that he submitted to Pike County correctional officers during his period of confinement there, which is further confirmation that he understood the procedures. *See* Plaintiff's Production of Documents, attached as Exhibit C to Motion for Summary Judgment.

Thomas' PCJ file shows that prior to filing this suit, on March 14, 2022, he submitted requests to medical complaining of weight loss and seeking "double trays." Exhibit B at DEF 119-20. On October 28, 2023, and again on November 3, 2023, Thomas submitted requests to Defendant Valerie Wells for "psych meds." Exhibit B at DEF 136. On November 14, 2023, he requested paper. Exhibit B at DEF 143.

The remaining grievances/requests were submitted *after* Thomas filed this suit. On February 25, 2024, Thomas submitted a complaint that his arm was broken and needed medical attention. Exhibit B at DEF 69. On March 1, 2024, Thomas submitted correspondence to a Pike County correctional officer concerning the officer's disability. Exhibit B at DEF 50. On April 4, 2024, Thomas requested a copy of his charging affidavit and to go to the law library. Ex. C at 3-4. His request to attend the law library was granted without further complaint. Ex. C at 4. On April 9, 2024, Thomas again submitted a medical complaint concerning his arm. Exhibit B at DEF 64. On April 17, 2024, Thomas submitted two complaints about not receiving his mail. Exhibit B at DEF 51-52. On April 18, 2024, Thomas submitted a complaint concerning his "mail records [ ] missing several letters." Exhibit B at DEF 62-63. He received a response on April 22, 2024, that asked Thomas to submit a separate request form each time he submitted a piece of legal mail to a

correctional officer to ensure that the facility was aware that he needed it mailed. Exhibit B at DEF 61. In August and September 2024 submitted various medical complaints requiring Tylenol. Exhibit B at DEF 65-67.

### III.     Rule 56 Standard of Review

Summary judgment is appropriate when "there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)). To this end, "[t]he party moving for summary judgment must '"demonstrate the absence of a genuine issue of material fact" but need not *negate* the elements of the nonmovant's case.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp.*, 477 U.S. at 323)). "If, as here, the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by submitting affidavits or other similar evidence negating the nonmoving party's claim, or by pointing out to the district court the absence of evidence necessary to support the nonmoving party's case." *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir.1998).

After the moving party has demonstrated the absence of a material fact issue, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate." *Id.*   To do so, the nonmoving party is required to "'go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Cotroneo v. Shaw Env't & Infrastructure, Inc.,* 639 F.3d 186, 191–92 (5th Cir. 2011) (internal citations omitted). "'This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated

assertions, or by only a scintilla of evidence.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux*, 402 F.3d at 540) (quoting *Little*, 37 F.3d at 1075)). "'Rather, the non-moving party must 'set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case.'" *Id.* (quoting *Boudreaux*, 402 F.3d at 540) (quoting *Morris*, 144 F.3d at 380)). "'A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 357-58 (quoting *Boudreaux*, 402 F.3d at 540).

When considering a motion for summary judgment, the Court "'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.'" *Id.* at 358 (quoting *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075)). However, a court should never accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Importantly, there can be no genuine dispute as to a material fact where a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Guillot v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Celotex*, 477 U.S. at 322). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (quoting *Celotex*, 477 U.S. at 323).

**V.     Legal Authority and Argument**

**A.     Lenoir's 1983 Claims Are Procedurally Barred for Failure to Exhaust His Administrative Remedies under PRLA.**

The PLRA "requires a prisoner to exhaust all available administrative remedies through the prison grievance system before filing a lawsuit pursuant to 42 U.S.C. § 1983." *Loftin v.*

*Jacqueline Banks*, 2017 U.S. Dist. LEXIS 63855, at *3 (S.D. Miss. March 17, 2017); *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces 'a useful record for subsequent judicial consideration.'" *Guines v. Larry*, 2022 U.S. Dist. LEXIS 201348, at *10 (N.D. Miss. Nov. 3, 2022) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)).

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Id.* (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). As "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (quoting *Dillon*, 596 F.3d at 272). The PLRA applies with equal force to claims of due process violations and excessive pretrial detention. *Coleman v. Lauderdale Cnty.*, 2024 U.S. Dist. LEXIS 58051, at *17 (S.D. Miss. Jan. 3, 2024). The exhaustion requirement "is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Loftin,* 2017 U.S. Dist. LEXIS 63855, at *3-4 (quoting *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (other citations omitted)).

The Fifth Circuit has described the PLRA's exhaustion requirement as "no-nonsense." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020). As stated above, the "provision is mandatory, and courts have zero discretion to hear unexhausted claims." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)). This is because, as the Supreme Court has recognized, prisoners need

to face a significant consequence for failing to follow the prison grievance procedural rules:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Wright v. MTC*, 2019 U.S. Dist. LEXIS 53713 at *8 (N.D. Miss. March 29, 2019) (quoting *Woodford*, 548 U.S. at 95).

"Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement—the grievance process must be carried through its conclusion *before* suit can be filed … ." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (emphasis added). "Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015); *see also Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.")).

> This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process. Instead, the prison's failure to timely respond simply entitles the prisoner to move on to the next step in the process. Thus, it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.

*Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015).

"Inmates who fail to exhaust can proceed in court by showing that administrative remedies were not available." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020). "As used in the PLRA, 'available' means 'capable of use to obtain some relief for the action complained of.'" *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (other quotations and citations omitted)). Thus, the "statutory meaning of 'available' in the PLRA is broad: Inmates must exhaust as long as

some form of relief can be obtained, regardless of what that relief may be." *Id.* (citing *Ross*, 136 S. Ct. at 1859). Although "Courts may consider unexhausted claims where grievance procedures are not available to an inmate, 'courts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures.'" *White v. Pickett*, 2023 U.S. Dist. LEXIS 20362, at *7 (S.D. Miss. Jan. 17, 2023) (quoting *Davis v. Hernandez*, 798 F.3d 290, 295 (5th Cir. 2015) (emphasis added)). Procedures may not be held unavailable solely because the inmate transferred to a different facility before filing suit.[4]

Here, the competent summary judgment evidence belies Thomas' assertion that he submitted any grievances pertaining to the conditions of confinement claims in this cause, as there is not a single grievance concerning any of the conditions about which he complains in this lawsuit contained in his PCJ incarnation records. *See generally* Defendants' Exhibit B & C. Although Thomas alleges that he submitted and/or signed petitions along with other inmates pertaining to the conditions of confinement at PCJ, that submission did not comport with the grievance procedures in place at the time he contends his claims arose. Exhibit A, Tr. 13:18-24; 36:12-22; [Doc. 60-1 at 1 ¶¶ 3-4]. Thomas cannot now create an issue of material fact by arguing these petitions constituted "grievances" because according to the County's grievance procedures they did not, and this Court cannot and should not substitute its judgment for the procedures that were

---

[4] *See  Dillon v. Rodgers*, 596 F. 3d 260, 267-68 (5th Cir. 2010) ("If impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility."); *see also*, *Shorter v. Pace*, 2023 WL 20002089, at *5-*6 (S.D. Miss., Jan. 18, 2023)(finding plaintiffs claim that grievance procedure at old facility was not available to him at new one to be frivolous, where there was an administrative remedy available at the new facility to deal with past complaints); *Chapman v. Shaw*, 2015 WL 9597996, at *8-9 (S.D. Miss. Oct. 21, 2015)("Finally, Chapman's transfer to a different correctional facility does not relieve him of his obligation to exhaust his administrative remedies."); *Lindsey v. Striedel*, 486 Fed. Appx. 449, 452 (5th Cir. 2012) ("Lindsey does not contend that there were problems at the new facility that prevented him from filing grievances regarding the incident at the Coastal Bend Detention Center and has not alleged how his transfer otherwise impeded his ability to file a grievance within the required time period.") (unpublished).

in place. *See Cantwell,* 788 F.3d at 509.

In addition to the conditions of confinement claims, Thomas failed to submit a grievance concerning his purported assault by Herbert Young or any failure on the part of Defendants to act on the same. *See* [Doc. 60-1]. And significantly, Thomas' PCJ file also shows that the grievance submissions pertaining to his broken arm and those pertaining to his mail were made *after* he filed this suit on December 29, 2023. Exhibit B, at DEF 69, 51-52, 64, 62-63, 61. But Thomas was required to exhaust his administrative remedies *prior to* filing this suit. He cannot now satisfy the exhaustion requirement with untimely grievances submitted after this suit was filed. *See Coleman,* 2024 U.S. Dist. LEXIS 58051, at *17)("A prisoner cannot satisfy the exhaustion requirement 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal.' It is not sufficient that he corrected this mistake after the fact…these claims must still be dismissed.")(citing *Woodford*, 548 U.S. at 83-84).

In fact, the competent summary judgment evidence shows that, prior to filing this suit, the only complaints/inmate requests Thomas submitted were medical requests for a particular diet for his chronic illness and request for psych meds from Nurse Wells, whom he has moved this Court to dismiss from the suit. Exhibit B at DEF 119-20, 136; *see also* Exhibit A, Tr. 8:17-25.

### VI. Conclusion

The exhaustion requirement of PRLA is mandatory; however, Plaintiff Thomas cannot show he exhausted his available administrative remedies prior to filing this suit. Thus, the movants are entitled to summary judgment and dismissal without prejudice of all the claims asserted against them.

**SUBMITTED THIS**, the 12th day of November, 2025.

                  **JACKS | GRIFFITH | LUCIANO, P.A.**

                  By:  */s/ Jessica S. Malone*
                  Jessica S. Malone, MS Bar No. 102826
                  Mary McKay Griffith, MS Bar No. 100785
                  Daniel J. Griffith, MS Bar No. 8366
                  *Attorneys for Defendants Pike County, Mississippi; Sheriff James Brumfield; Captain Richard Bynam; Valerie Wells; Briana Perryman; and Kimberly Wallace*

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
Fax No. (662) 843-6176
Email : jmalone@jlpalaw.com
       dgriffith@jlpalaw.com
       mgriffith@jlpalaw.com

<u>**CERTIFICATE OF SERVICE**</u>

      I, Jessica S. Malone, attorney of record for Defendants Pike County, Mississippi; Sheriff James Brumfield; Captain Richard Bynam; Valerie Wells; Briana Perryman; and Kimberly Wallace, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion for Summary Judgement for Failure to Exhaust Administrative Remedies* be delivered by the ECF Filing System and email, which gave notice to the following:

        Landon Earl Thomas
        MDOC #108168
        South MS Correctional Facility
        P.O. Box 1419
        Leakesville, MS 39451
        Telephone: 601-394-5600
        **Plaintiff Pro Se**

        Charles E. Cowan, Esq.
        Jack F. Hall, Esq.

>Wise Carter
>P.O. Box 651
>Jackson, MS 39205-0651
>401 E Capitol St. 600 Heritage Building
>Jackson, MS 39201
>Telephone: 601-968-5514
>Facsimile: 601-968-5593
>Email cec@wisecarter.com
>       jfh@wisecarter.com

**DATED** this the 12th day of November, 2025.

>                              /s/ Jessica S. Malone
>                              Jessica S. Malone