UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LANDON EARL THOMAS PLAINTIFF

V. CIVIL ACTION NO. 5:24-CV-5-ASH

PIKE COUNTY, MISSISSIPPI, ET AL. DEFENDANTS

ORDER

This 42 U.S.C. § 1983 case brought by pro se Plaintiff Landon Earl Thomas is before the Court on motions for summary judgment [60, 63] filed by all Defendants. As explained below, both motions are granted in part and denied in part.

I. Facts and Procedural History

Thomas was housed at the Pike County Jail from March 3, 2022, to February 6, 2023, and again from October 3, 2023, to October 7, 2024. He claims that he endured unconstitutional conditions of confinement during his incarceration, that officers interfered with his mail, and that on October 11, 2022, he was beaten by then Transport Officer (now Warden) Herbert Young. He brought those claims in this lawsuit, filed January 17, 2024, against Pike County, Mississippi; Sheriff James Brumfield; Captain Richard Bynam; Young; Valerie Wells; Briana Perryman; and Kimberly Wallace.[1]

On September 12, 2025, the Court entered an order setting the case for an October 29, 2025 *Spears* hearing.[2] Following that hearing, the Court set a November 12, 2025 deadline for motions addressing exhaustion. Order [58]. All Defendants timely filed their summary-judgment motions, Thomas responded in opposition to both motions, and Defendants filed rebuttals.

[1] The claims against Wells were dismissed on December 16, 2025.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II. Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmovant must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting former version of Fed. R. Civ. P. 56(e)). In reviewing the evidence, the Court must resolve factual controversies in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). It must "interpret all facts and draw all reasonable inferences in favor of the nonmovant." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016); *accord Tolan v. Cotton*, 572 U.S. 650, 660 (2014). But conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)); *accord Little*, 37 F.3d at 1075.

"A genuine dispute of material fact exists 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Ahders v. SEI Priv. Tr. Co.*, 982 F.3d 312, 315 (5th Cir. 2020) (quoting *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 325).

These same summary-judgment rules apply to pro se parties. While the Court will liberally construe pro se arguments, a pro se nonmovant must offer evidence showing a genuine issue of material fact to defeat a motion for summary judgment. *Baughman v. Seale*, 761 F. App'x 371, 378 (5th Cir. 2019).

III. Analysis

Defendants all assert they are entitled to summary judgment on Thomas's present claims due to his failure to exhaust. The Prison Litigation Reform Act provides: "No action shall be brought with respect to prison conditions under section 1983 of [title 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The PLRA's "exhaustion requirement is no-nonsense" and "mandatory, and courts have

zero discretion to hear unexhausted claims." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020) (citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

An inmate may proceed on an unexhausted claim only if he shows "that administrative remedies were not 'available.'" *Id.* (quoting 42 U.S.C. § 1997e(a)). "As used in the PLRA, 'available' means 'capable of use to obtain some relief for the action complained of.'" *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)) (cleaned up). An administrative remedies procedure is unavailable where:

> (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," (2) it is "so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Brown v. Pike County*, No. 5:24-CV-96-DCB-BWR, 2026 WL 2194763, at *5 (S.D. Miss. May 26, 2026) (quoting *Ross*, 578 U.S. at 643–44), *report and recommendation adopted*, 2026 WL 2189372 (S.D. Miss. July 29, 2026).

According to Young's declaration, when Thomas filed this lawsuit, the Pike County Jail "had in place a grievance system that allowed for inmates to submit complaints/grievances relating to their conditions of confinement or their wants and needs arising out of their incarceration at PCJ for PCJ administration to review and remedy if possible." Young Decl. [60-1] ¶ 3. And Thomas was aware of the system's existence as evidenced by the numerous grievance forms he filled out, including at least four he completed before he filed this lawsuit. *See* Jail File [63-2] at 119–20 (March 14, 2022 request for "double-trays" to counteract weight loss); *id.* at 136 (October 28, 2023 request for psych meds); *id.* at 142 (November 3, 2023 second request for psych meds); *id.* at 143 (November 14, 2023 request for "some blank paper to draw

on”). But the record contains no grievance forms submitted before Thomas filed suit that cover the issues about which he complains in this case.

Thomas did eventually file grievances related to the alleged interference with his mail in April 2024. Jail File [63-2] at 51–63. But federal courts “have no discretion to excuse a prisoner’s failure to properly exhaust the prison grievance process *before* filing their complaint,” and “[i]t is irrelevant whether exhaustion is achieved during the federal proceeding.” *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added). Thomas’s mail-interference claim is due to be dismissed for failure to exhaust.

As to his claim related to the October 11, 2022 alleged assault, Thomas does not claim to have filed a grievance but instead suggests that a claim related to physical assault is “not ‘grievable.’” Mem. [71] at 10 (citing *Rizzuto v. City of New York*, No. 00-6044, 2003 WL 1212758, at *4 (S.D.N.Y. Mar. 17, 2003)). But “the PLRA’s exhaustion requirement applies to all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong.” *Porter*, 534 U.S. at 532. And the case on which Thomas relies—in addition to being non-binding—is distinguishable because there, the applicable grievance procedure “define[d] as ‘non-grievable’ . . . complaints pertaining to assaults . . . .” *Rizzuto*, 2003 WL 1212758, at *4. Thomas has failed to establish any genuine dispute of material fact that Pike County’s grievance procedures included a similar provision. The claim related to the assault must be dismissed for failure to exhaust.

Thomas makes a couple of contradictory statements about exhaustion as to the conditions-of-confinement claim. On the one hand, he claims to have filed many “grievances” about prison conditions to which he “never got any responses back.” Thomas Decl. [70-1] ¶ 6; *accord* Resp. [70] at 4 (“Any grievances from 2022–2023 pertaining to anything other than

medical w[]ere never responded to or given back to Thomas."). On the other hand, he suggests that he had to "grieve [his] complaints" verbally because his broken wrist "made the task of writing a complaint on paper impossible." Thomas Decl. [70-1] ¶ 29. The latter statement is at odds with the grievances that are in the record from the fall of 2023—after Thomas broke his wrist. But crediting the first statement, as the Court must under Rule 56, there is at least a question of fact as to whether Thomas exhausted his claim related to general conditions of confinement. *See Cantwell v. Sterling*, 788 F.3d 507, 509 n.1 (5th Cir. 2015) (explaining that Court must credit prisoner testimony "offered . . . under penalty of perjury.").

Defendants argue that Thomas's assertions are insufficient to defeat summary judgment because the "petitions [submitted] along with other inmates pertaining to the conditions of confinement . . . did not comport with the grievance procedures in place at the time he contends his claims arose." Mem. [64] at 9; *see also* Reply [72] at 2 (referencing the grievance procedures without explaining what those procedures were or how Thomas failed to comply with them). The problem is that Young, Defendants' only declarant, never explains *how* the grievance system worked or what was required of detainees to use it. Defendants also attach no documentation as to what the grievance procedures were.[3] "Exhaustion is defined by the prison's grievance procedures," and whether an inmate has exhausted depends on "what the applicable grievance procedures say." *Cantwell*, 788 F.3d at 509. The Court does not know what is required to fully exhaust a claim under the Pike County Jail's grievance procedures because it has not been provided a copy of those procedures. So there is no record evidence to support the argument that what Thomas testified he did was not enough, at least at the summary-judgment stage. *See id.*

[3] Defendants cite to paragraphs 3–4 of Young's declaration for the grievance procedures. Those paragraphs do not support that assertion. *See* Young Decl. [60-1] at ¶¶ 3–4.

(reversing summary judgment because "[w]ithout knowing what the applicable grievance procedures say, it's impossible to determine whether [the prisoner] exhausted them").

The summary-judgment motions are denied as to the general-conditions-of-confinement claim, which Thomas asserts against Defendants Brumfield, Bynam, and Young (as well as Pike County). Tr. [59] at 13. Thus, all claims against Defendants Perryman and Wallace are dismissed.

## IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendants' summary-judgment motions are granted in part as to the assault and mail-interference claims but denied as to the general-conditions-of-confinement claim.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE